■ In the Matter of WASHINGTON APARTMENTS, INC., Appellant, v. BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.— In consolidated proceedings to review assessments of real property for taxes for six successive years, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered on or about February 1, 1972, which dismissed the petitions as to the tax years 1966 and 1967 and reduced the assessments for the tax years 1968, 1969, 1970 and 1971. Judgment reversed, as a matter of discretion in the interests of justice, and new trial granted, without costs. In our opinion, Special Term was correct in requesting that where the economic approach to determining the market value of property is used, the parties should submit actual income and expense figures for the tax year in question and not figures from some other fiscal period (cf. *Matter of Suburbia Apts.* v. *Board of Assessors of County of Nassau,* 66 Misc 2d 918). Here, however, the parties refused to comply with the request of Special Term in this regard made during the trial and they submitted either estimated income and expense accounts for each of the tax years (which began on May 1) or actual income and expense accounts for petitioner's fiscal years (which began on October 1). After Special Term rendered its decision, petitioner directed its accountants to prepare income and expense statements for the tax years in question and, on the strength of these statements, moved for what would amount to a new trial. Special Term denied the motion and the judgment appealed from was thereafter entered. It is our opinion that the motion for a new trial should have been granted in the interests of justice. An examination of only several factors compels the conclusion that a substantially different result would have been reached if the true "actual" figures for each tax year had been utilized. First, it appears that there is a disparity between the actual apartment vacancy experience and the 2% vacancy factor which Special Term applied to gross potential rents. Second, Special Term utilized a figure for potential garage rentals which was estimated by respondent's expert and it did not apply a vacancy factor, whereas the actual figures show substantially less in potential rental income from the garage and indicate a vacancy factor which at times ran as high as 68%. In addition, it was difficult, if not impossible, to ascertain the true expenses of the property during these tax years from the evidence

adduced at the trial, with the result that expenses from statements computed on the basis of petitioner's fiscal years were applied to estimated income computed on the basis of the tax years, each of which began some seven months after petitioner's fiscal year ended. This procedure provided no allowance for recent inflationary trends and resulted in the apparent overstatement of net income. Gulotta, P. J., Latham, Shapiro and Brennan, JJ., concur.